MEMORANDUM **
Peymon and April Mottahedeh appeal pro se from the district court’s judgment dismissing their action arising from a tax investigation and under the Freedom of Information Act (“FOIA”). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of personal jurisdiction, FDIC v. British-Am. Ins. Co., 828 F.2d 1439, 1441 (9th Cir. 1987), and for lack of subject matter jurisdiction, Scholastic Entm’t, Inc. v. Fox Entm’t Group, Inc., 336 F.3d 982, 985 (9th Cir.2003). We affirm.
The district court properly concluded that it lacked personal jurisdiction over Agent Tambornini because he was never properly served. See Fed.R.Civ.P. 4(i)(3); see also Barlow v. Ground, 39 F.3d 231, 234 (9th Cir.1994) (explaining that in California service by mail is valid only if a signed acknowledgment is returned).
The district court did not err when it dismissed the FOIA claims sua sponte. See 5 U.S.C. § 552(a)(4)(B) (stating the court has jurisdiction to enjoin an “agency from withholding records and to order the production of any agency records improperly withheld”); Scholastic Entm’t, 336 F.3d at 985 (setting forth circumstances when a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim).
Contrary to Appellants’ contentions, the district court did not err by dismissing without leave to amend. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir.1998) (stating that the general rule that parties are allowed to amend their pleadings does not extend to cases where amendment would be futile).
Appellants’ remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.